UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE L. MORALES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JORGE PICHE, et al.,<br><br>  Defendants. | Case No. 3:22-cv-07017-WHO<br><br>**ORDER GRANTING APPLICATION FOR IFP AND REMANDING FOR LACK OF JURISDICTION**<br><br>Re: Dkt. No. 2 |

The plaintiff Vance Morales instituted an unlawful detainer action in California State court against the pro se defendant, Jorge Piche. Dkt. No. 1. Piche removed the case to this court and filed an Application to Proceed In Forma Pauperis. Dkt. No. 2. Having considered the application and the complaint, I hereby GRANT Piche's application. It is apparent, however, that I lack subject matter jurisdiction over this suit.

A defendant may generally remove a case from state court to federal court, but as with all cases, the federal court must have subject matter jurisdiction over it. *See* 28 U.S.C. § 1442(a)-(c). The burden is on the removing defendant to establish the basis for subject matter jurisdiction. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). I have a duty to ascertain whether I have jurisdiction and must remand a case sua sponte if I do not. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Piche's removal notice does not clearly provide a reason for why he believes this case belongs in federal court. Upon review of the notice and complaint, it is clear I lack federal question jurisdiction because no federal question is presented on the face of the plaintiff's complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). The complaint alleges only a state-law unlawful detainer action, and it is well-established that state-law unlawful detainer claims do not "arise under" federal law. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Lopez*, No. C 11-

1   00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011).

2   And I lack diversity jurisdiction because, while is not clear from the complaint or the
3   removal notice whether the citizenship of the parties is diverse, it is clear that the amount in
4   controversy requirement is not met. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14
5   (9th Cir. 2016) (noting it is the removing party's burden to show that diversity jurisdiction exists).

6   Therefore, this is a state law claim that belongs in state court and I lack subject matter
7   jurisdiction to hear this case. I ORDER that this case be REMANDED to the California Superior
8   Court for the County of Santa Clara.

9   **IT IS SO ORDERED.**

10  Dated: December 2, 2022

William H. Orrick
United States District Judge